SARAH A. BUELL, Plaintiff, v. ANSON L. GARDNER and EDWARD
E. RIGNEY, as Executors, etc., of HARRIET M. GOODSELL,
Deceased, Defendants, Impleaded with ANSON L. GARDNER,
as Trustee under the Last Will and Testament of HARRIET
M. GOODSELL, Deceased, Respondent, and THOMAS CARMODY,
as Attorney-General of the State of New York, Appellant.

(*Supreme Court, Appellate Division, Fourth Department, April 28, 1915.*)

TRUST—TRUST FOR CHARITABLE USES*—WHEN MOTION BY ATTORNEY-GENE-
RAL TO COMPEL TRUSTEE TO SUBMIT HIS PLAN OF DISTRIBUTION SHOULD BE
DENIED.

A motion by the attorney-general to compel a trustee under a will
creating certain trusts for charitable and benevolent uses and purposes
to submit his scheme and plan of distribution of the funds of the estate
should be denied, where there is nothing in the moving papers to show
that the trustee is not performing his duties properly, and there is no
doubt as to the intention of the testatrix, or the duties of the trustee as
her representatives.

Such a motion cannot be made in an action for judgment.

APPEAL by the defendant, Thomas Carmody, as Attorney-
General, from an order of the Supreme Court, made at the
Ontario Special Term and entered in the office of the clerk of
the county of Ontario on the 21st day of November, 1914, deny-
ing his motion for an order directing the executors and trustee
of the last will and testament of Harriet M. Goodsell, deceased,
to submit to the Attorney-General their scheme and plan of
distribution of the funds of the estate herein.

Egburt E. Woodbury, Attorney-General (Alfred L. Becker,
Deputy Attorney-General, of counsel), for the appellant.

---

* See note Vol. 13, p. 96.

Anson L. Gardner, respondent, in person.

Order affirmed, with ten dollars costs and disbursements. *Held*, that the motion was properly denied upon the merits for the reasons stated in the opinion of Mr. Justice CLARK; also for the reason that such a motion cannot be made in this action after judgment.

All concurred; ROBSON, J., not sitting.

The following is the opinion of Mr. Justice WILLIAM W. CLARK:

CLARK, J.—This is a motion made by the Attorney General to compel Anson L. Gardner, trustee under the will of Harriet M. Goodsell, deceased, to submit to the Attorney-General his scheme and plan of distribution of the funds of the estate of which he is trustee.

By the 16th clause of the will of Harriet M. Goodsell, late of Ontario county, deceased, and also by the 49th clause of the will of said decedent, she created certain trusts for charitable and benevolent uses and purposes, and appointed Anson L. Gardner as trustee, and he has duly qualified, and is at present administering said trust.

The lady who owned this fund and created the trust selected Mr. Gardner as her trustee because she evidently had confidence in his ability and integrity, and so long as he is properly administering the trust I do not think he should be unduly interfered with.

There is nothing in the moving papers to show that the trustee is not performing his duties properly. The intention of the testatrix as to what she wanted done with the moneys referred to in the 16th and 49th clauses of her will is perfectly clear, and there is nothing uncertain or indefinite either as to the beneficiaries or the purposes of the trust.

While the provisions of section 12 of the Personal Property Law* would undoubtedly give the Attorney-General the right to intervene, he being charged with the duty of representing the beneficiaries of charitable trusts, in the absence of proof that the trustee has in some way been remiss in his duty, I do not think he should be unduly interfered with or harassed by court orders.

So long as the intention of the testatrix is clear, and the trustee was clothed by her with a certain discretion in deciding as to who were proper and suitable persons to receive assistance from her estate, and the trustee is not in doubt as to either the intention of the testatrix or his duties as her representative, I question either the necessity or propriety of compelling him at this time to furnish any scheme or plan of distribution of the funds of the estate.

If at any time it can be shown that the trustee is improperly administering the trust even in the slightest degree, the Supreme Court, upon proper application and notice, can take charge of the situation, and if necessary could see that the trust was properly executed, but for the present, and with the information before the court, I doubt the propriety of compelling the trustee to submit the plan or scheme referred to in the moving papers, and this application must, therefore, be denied.

---

* See Consol. Laws, chap. 41 (Laws of 1909, chap. 45), § 12, as amd. by Laws of 1909, chap. 144.—[REP.